**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **RFJ LICENSING, LLC** | |
| **Plaintiff,** | **CIVIL ACTION NO. 3:16-cv-261** |
| **v.** | |
| **TAIT RADIO, INC.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff RFJ Licensing, LLC ("Plaintiff" or "RFJ"), by and through its undersigned counsel, files this Complaint against Defendant Tait Radio, Inc. ("Defendant" or "Tait") as follows:

## NATURE OF THE ACTION

1.      This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent No. 7,333,806 titled "System and Method for Enabling Two-Way Radio Communications Over a Computer Network" (the "'806 patent"; a copy of which is attached hereto as Exhibit A). RFJ is the owner by assignment of the '806 patent. RFJ seeks injunctive relief and monetary damages.

## PARTIES

2.      Plaintiff RFJ Licensing, LLC is a limited liability company organized under the laws of the State of Texas. Plaintiff maintains its principal place of business at 3740 N. Josey Lane, Suite 238, Carrolton, Texas 75007.

3.      Upon information and belief, Defendant Tait Radio, Inc. is a business organized and existing under the laws of the State of Texas, with its principal place of business located at 15342 Park Row, Houston, Texas 77084. Process may be served upon Defendant's Registered

Agent, Kris Klug at 15342 Park Row, Houston, Texas 77084.

## JURISDICTION AND VENUE

4.        This action arises under the patent laws of the United States, 35 U.S.C. § *et seq.*,
including 35 U.S.C. § 271, 281, and 284-85, among others.  This Court has subject matter
jurisdiction over this case for patent infringement under 28 U.S.C. §1331 and §1338(a).

5.        The Court has personal jurisdiction over Defendant because: Defendant is present
within or has minimum contacts with the State of Texas and the Northern District of Texas;
Defendant has purposefully availed itself of the privileges of conducting business in the State of
Texas and in the Northern District of Texas; Defendant has sought protection and benefit from
the laws of the State of Texas; Defendant regularly conducts business within the State of Texas
and within the Northern District of Texas; and Plaintiff's causes of action arise directly from
Defendant's business contacts and other activities in the State of Texas and in the Northern
District of Texas.

6.         More specifically, Defendant, directly and/or through authorized intermediaries,
ships, distributes, offers for sale, sells, and/or advertises products and services in the United
States, the State of Texas, and the Northern District of Texas including but not limited to the
Accused Instrumentalities as detailed below.  Defendant solicits customers in the State of Texas
and in the Northern District of Texas.  Defendant has paying customers who are residents of the
State of Texas and the Northern District of Texas and who use the Defendant's products and
services in the State of Texas and in the Northern District of Texas. Defendant derives substantial
revenue from goods and services provided to individuals in Texas and in this district.

7.       Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. §§1391 and 1400(b). On information and belief, Defendant has transacted business in this district, and has directly and/or indirectly committed and/or induced acts of patent infringement in this district.

## <u>COUNT I– INFRINGEMENT OF U.S. PATENT 7,333,806</u>

8.       RFJ refers to and incorporates herein the allegations of Paragraphs 1-7 above.

9.       The '806 patent was duly and legally issued by the United States Patent and Trademark Office on Feb. 19, 2008, after full and fair examination.  The '806 patent is in full force and effect.  Plaintiff is the owner by assignment of the '806 patent and possesses all rights of recovery under the '806 patent, including the exclusive right to sue for infringement and recover past damages.

10.      Defendant owns, operates, advertises, controls, sells, and otherwise provides systems that infringe the '806 patent.  The '806 patent provides, among other things;

*A system for two-way radio communication comprising:*

> *(A) A first two-way radio communication comprising:*
> *i. A means for selecting and transmitting a signal code to a shared, public base/repeater station;*



http://www.taitradio.com/products/mpt-1327-mpt-ip-radio/networks/overview
http://www.taitradio.com/__data/assets/pdf_file/0017/92231/Tait_SS_TB9400.pdf
http://www.taitradio.com/products/mpt-1327-mpt-ip-radio/portables/tp8100
http://www.taitradio.com/__data/assets/pdf_file/0005/91715/Tait_SS_TP9400.pdf

> *ii. A means for sending two-way radio communication signals to said shared, public base/repeater station;*

*iii. a means for receiving two-way radio communication signals from said shared, public base/repeater station;*

*(B) Said shared, public base/repeater station comprising:*

*i. A base/repeater station decoder at said shared, public base/repeater station for decoding the signal code from said first two-way radio into a signal that is recognized by a base/repeater station controller located at said shared, public base/repeater station and transferring said signal to said base/repeater station controller via a dedicated connection; and*



http://www.taitradio.com/__data/assets/pdf_file/0017/92231/Tait_SS_TB9400.pdf
NOTE: '806 Patent Claim 10 discusses a controller/decoder that is separate from the base station.

*ii. Wherein said base/repeater station controller comprises a means for receiving said decoded signal from said base/repeater station decoder and correlating said decoded signal to one or more internet addresses associated with at least one target base station by which there is established a bi-directional computer network link with said at least one target base station using said internet address for the exchange of two-way radio communication signals;*



http://www.taitradio.com/__data/assets/pdf_file/0017/92231/Tait_SS_TB9400.pdf
https://www.taitradio.com/__data/assets/pdf_file/0008/96263/Tait-Analog-Solutions-v1-US.pdf
https://www.taitradio.com/__data/assets/pdf_file/0008/96263/Tait-Analog-Solutions-v1-US.pdf

*iii. Wherein said shared, public base/repeater station further comprises a means for sending and receiving two-way radio communication signals to and from said first two-way radio; and*

*(C) Wherein said at least one target base station comprises:*

> *i. A target station controller located at said target base station comprising a means for establishing a bi-directional computer network link with said shared, public base/repeater station for two-way radio communication signals;*
>
> *ii. Wherein said at least one target base station further comprises a means for sending and receiving two-way radio communication signals to and from a second two-way radio and;*

*(D) At least one second two-way radio comprising:*

> *i. A means for receiving two-way radio communication signals from said at least one target base station; and*
>
> *ii. a means for sending two-way radio communication signals to said at least one target base station; and*

*(E)    Whereby two-way radio communication signals are bi-directionally exchanged directly between said first two-way radio and said second two-way radio via said bi-directional computer network link directly between said shared, public base/repeater station controller and said target station controller.*



http://www.taitradio.com/__data/assets/pdf_file/0017/92231/Tait_SS_TB9400.pdf
https://www.taitradio.com/__data/assets/pdf_file/0008/96263/Tait-Analog-Solutions-v1-US.pdf
https://www.taitradio.com/__data/assets/pdf_file/0008/96263/Tait-Analog-Solutions-v1-US.pdf

*A method for exchanging two-way radio communication signals between two-way radios via a bi-directional computer network link directly between a shared, public base/repeater station and at least one target base station, said method comprising:*

> *(a) transmitting a signal code and two-way radio communication signals from a two-way radio to said shared, public base/repeater station having a controller located at said shared, public base/repeater station;*



http://www.taitradio.com/products/mpt-1327-mpt-ip-radio/networks/overview
http://www.taitradio.com/__data/assets/pdf_file/0017/92231/Tait_SS_TB9400.pdf
http://www.taitradio.com/products/mpt-1327-mpt-ip-radio/portables/tp8100
http://www.taitradio.com/__data/assets/pdf_file/0005/91715/Tait_SS_TP9400.pdf

*(b) decoding said signal code and correlating said decoded signal code at said shared, public base/repeater station location to one or more internet addresses and establishing a bi-directional computer network link with said at least one target base station using said internet address to exchange two-way radio communication signals;*



http://www.taitradio.com/__data/assets/pdf_file/0017/92231/Tait_SS_TB9400.pdf
NOTE: '806 Patent Claim 10 discusses a controller/decoder that is separate from the base station.

*(c) establishing a bi-directional computer network link directly between said shared, public base/repeater station and said at least one target base station having a controller at said at least one target base station through said internet address;*



http://www.taitradio.com/__data/assets/pdf_file/0017/92231/Tait_SS_TB9400.pdf
https://www.taitradio.com/__data/assets/pdf_file/0008/96263/Tait-Analog-Solutions-v1-US.pdf

https://www.taitradio.com/__data/assets/pdf_file/0008/96263/Tait-Analog-Solutions-v1-US.pdf

> *(d) transmitting two-way radio communication signals over said computer network link directly to said at least one target base station;*
> *(e) transmitting said two-way radio communication signals from said at least one target base station to a second two-way radio;*
> *(f) transmitting two-way radio communication signals from said second two-way radio to said at least one target base station;*
> *(g) transmitting two-way radio communication signals from said at least one target base station over said computer network link directly to said shared, public base/repeater station; and*
> *(h) transmitting two-way radio communication signals from said shared, public base/repeater station to said first two-way radio.*

11.     Defendant directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems and methods for providing data communication in a device network that infringed one or more claims of the '806 patent in this district and elsewhere in the United States, Particularly, Defendant makes, uses, provides, tests, offers for sale, and sells their products titled the Tait 8000 and Tait 9000 Mobile and base station/repeater products ("Accused Instrumentalities") which directly and/or indirectly infringes the '806 patent.

12.     Defendant also infringes under 35 U.S.C. § 271(b) by inducing infringement of the '806 patent in the State of Texas, literally or under the doctrine of equivalents, in this judicial district, and elsewhere in the United States, by, among other things, advising, encouraging, or otherwise inducing others to perform the steps and operate the systems claimed by the '806 patent to the injury of RFJ.   Defendant actively instructs their customers to use the Accused Instrumentality in a way that infringes the '806 patent. Since at least the filing date of the Original Complaint, Defendant has had knowledge of the '806 patent, and by continuing the actions described herein, has had specific intent to induce infringement of the '806 patent pursuant to 35 U.S.C. § 271(b).

13.     Specifically, Defendant advertises the Accused Instrumentality to its Customers, and instructs its Customers, such that when Defendant's Customers follow Defendant's instructions, each of said Customers necessarily perform all steps in methods and/or systems claimed in the '806 patent.

14.     Since at least the filing date of the Original Complaint, Defendant has had knowledge of the '806 patent pursuant to 35 U.S.C. § 271(c), and by continuing the actions described above, by continuing to sell the Accused Instrumentality and instruct their customers to use the Accused Instrumentality in an infringing manner, Defendant has had specific intent to induce infringement of the '806 patent pursuant to 35 U.S.C. § 271(b).

15.     Defendant's customers use the Accused Instrumentality as instructed by Defendant and in doing so, complete all elements in at least Claim 1 and 11 of the '806 patent making Defendant's customers direct infringers of the '806 patent. Defendant specifically intended for its customers to infringe the '806 patent because Defendant continues to advertise and provide to its customers manuals and product information on their website that when followed necessarily infringe the '806 patent.

16.     Defendant instructs its Customers, such that when Defendant's customers follow Defendant's instructions, each of said Customers necessarily perform all steps in methods claimed in the '806 patent making Defendants customers direct infringers of the '806 patent.

17.     Defendant also infringes under 35 U.S.C. § 271(c) by contributing to infringement of the '806 patent in the State of Texas, literally or under the doctrine of equivalents, in this judicial district, and elsewhere in the United States, by, among other things, offering for sale, selling, or importing the Accused Instrumentality, and advising, encouraging, and contributing so that others can perform all of the steps and use the systems claimed by the '806 patent to the

injury of RFJ

18.    Specifically, Pursuant to 35 U.S.C. § 271(c), Defendant advertises, sells, and provides the Accused Instrumentality to its Customers, and instructs its Customers, such that when Defendant's customers follow Defendant's instructions, each of said Customers necessarily perform all steps in methods and/or systems claimed in the '806 patent making Defendants customers direct infringers of the '806 patent.

19.    The Accused Instrumentalities which are provided by Defendant to its customers, are designed specifically to practice the methods and use the systems claimed in the '806 patent. If the functionality that is embodied in the '806 patent was not present in the Accused Instrumentalities sold by Defendant then these said devices would not work properly for their stated purposes by Defendant in its literature about its products.

20.    There is no substantial non-infringing use for the Accused Instrumentalities because if the devices were used in a non-infringing manner then they would not work for their stated purpose i.e. main purpose, effectively making them worthless.

21.    Defendant continues advising, encouraging, contributing, or otherwise inducing others to perform the methods and systems claimed by the '806 patent to the injury of RFJ.  Since at least the filing date of this Complaint, Defendant has had knowledge of the '806 patent, and by continuing the actions described above, has had specific intent to induce infringement of the '806 patent pursuant to 35 U.S.C. § 271(b), and has further contributed to said infringement of the '806 patent by their customers by providing them with the Accused Instrumentalities so that their customers could infringe the '806 patent.

22.    Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

23.     To the extent that facts learned in discovery show that Defendant's infringement of the '806 Patent is or has been willful, RFJ reserves the right to request such a finding at the time of trial.

24.     As a result of Defendant's infringement of the '806 Patent, RFJ has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant and its customers, together with interest and costs as fixed by the Court.

25.     RFJ will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. Defendant's infringement of Plaintiff's exclusive rights under the '806 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

26.     RFJ has also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendant, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '806 Patent.

## JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against the Defendant, and that the Court grant Plaintiff the following relief:

A.  A judgment in favor of Plaintiff that Defendant has infringed one or more of the claims, directly, jointly and/or indirectly, by way of inducing and/or contributing to the infringement of the '806 patent;

B.  A permanent injunction pursuant to 35 U.S.C. § 283, enjoining Defendant and their officers, directors, agents servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '806 patent, or such other equitable relief the Court determines is warranted;

C.  A judgment and order requiring Defendant pay to Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '806 Patent as provided under 35 U.S.C. § 284, and an accounting of ongoing post-judgment infringement; and

D.  Any and all other relief, at law or equity, to which Plaintiff may show itself to be entitled.

Dated: January 29, 2016                      Respectfully submitted,

                                             By: */s/ Austin Hansley*
                                             **AUSTIN HANSLEY P.L.L.C.**
                                             Austin Hansley
                                             Texas Bar No.: 24073081
                                             5050 Quorum Dr. Suite 700
                                             Dallas, Texas 75254
                                             Telephone:    (469) 587-9776
                                             Facsimile:    (855) 347-6329
                                             Email: Austin@TheTexasLawOffice.com
                                             www.TheTexasLawOffice.com
                                             **ATTORNEY FOR PLAINTIFF**
                                             **RFJ LICENSING, LLC**